UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 04-10737-NG

| | |
|---|---|
| OMNIPOINT HOLDINGS, INC.,<br><br>    Plaintiff<br><br>v.<br><br>THE TOWN OF SAUGUS, THE ZONING BOARD OF APPEALS OF THE TOWN OF SAUGUS, CATHERINE A. GALENIUS, ROBERT J. COX, BEN STURNIOLO, JOSEPH McGOWAN and PETER BOGDAN in their capacities as members of the Saugus Zoning Board of Appeals,<br><br>    Defendants | ANSWER |

The Defendants, Town of Saugus, the Zoning Board of Appeals of the Town of Saugus, Catherine A. Galenius, Robert J. Cox, Ben Sturniolo, Joseph McGowan and Peter Bogdan, in their capacities as members of the Saugus Zoning Board of Appeals, hereby answer Plaintiff's Complaint as follows:

The Defendants state that no answer is required to the first unnumbered paragraph, except that Defendants deny that the denial of the special permit and variances violate the Telecommunications Act, 47 U.S.C. §332.

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

2. Admit.

3. Admit.

4. Admit.

5. Paragraph 5 of the Complaint contains conclusions of law for which no answer is required.

6. Paragraph 6 of the Complaint contains conclusions of law for which no answer is required.

7. Paragraph 7 of the Complaint contains conclusions of law for which no answer is required.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15.

16. Paragraph 16 of the Complaint contains conclusions of law for which no answer is required.

17. Defendants say that the statute speaks for itself.

18. Defendants say that the statute speaks for itself.

19. Admit.

20. Defendants say that Section 9.2.1 of the By-Laws speaks for itself.

21. Defendants admit the allegations set forth in the first sentence of paragraph 21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 21.

22. Admit.

23. Paragraph 23 of the Complaint contains conclusions of law for which no answer is required.

24. Defendants say that the letter speaks for itself.

25. Defendants say that the letter speaks for itself.

26. Admit.

27. Defendants admit that the evidence was submitted, but deny that the evidence proves Omnipoint's contentions.

28. Regarding the first sentence of paragraph 28, Defendants say that the Bylaw speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 28.

29. Defendants say that the decision speaks for itself.

## COUNT I

30. The Defendants incorporate their answers set forth in paragraphs 1-29 as if set forth fully herein.

31. Defendants say that the United States Constitution speaks for itself.

32. Paragraph 32 of the Complaint contains conclusions of law for which no answer is required.

33. Paragraph 33 of the Complaint contains conclusions of law for which no answer is required.

34. Defendants say that the statute speaks for itself.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Defendants say that the statute speaks for itself.

41. Denied.

42. Denied.

43. Denied.

## COUNT II

44. The Defendants incorporate their answers set forth in paragraphs 1-43 as if set forth fully herein.

45. Defendant says statute speaks for itself.

46. Paragraph 46 of the Complaint contains conclusions of law for which no answer is required.

47. Denied.

48. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48.

## FIRST DEFENSE

Count II should be dismissed for failure to state a claim upon which relief may be granted. The Defendants have filed a separate Motion to Dismiss Count II.

## SECOND DEFENSE

At all times relevant hereto, the Defendants acted in good faith and within their lawful statutory authority and discretion.

## THIRD DEFENSE

The decision of the Saugus Board of Appeals, which Plaintiff appeals, is based upon substantial evidence contained in a written record.

## FOURTH DEFENSE

The decision of the Saugus Board of Appeals, which Plaintiff appeals, is consistent with the Telecommunications Act of 1996, 47 U.S.C. §332(c)(7), regarding local control over the siting of personal wireless services facilities.

TOWN OF SAUGUS, ET AL,

By their attorneys,

*[signature]*

Joel B. Bard (BBO# 029140)
Patricia A. Cantor (BBO# 072380)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 6/28/04
*[signature]*

224618/Metg/0559

5