UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 04-10737-NG

| | |
|---|---|
| OMNIPOINT HOLDINGS, INC.,<br><br>    Plaintiff<br><br>v.<br><br>THE TOWN OF SAUGUS, THE ZONING BOARD OF APPEALS OF THE TOWN OF SAUGUS, CATHERINE A. GALENIUS, ROBERT J. COX, BEN STURNIOLO, JOSEPH McGOWAN and PETER BOGDAN in their capacities as members of the Saugus Zoning Board of Appeals,<br><br>    Defendants | <u>DEFENDANTS' MOTION TO DISMISS COUNT II</u> |

The Town of Saugus ("Town"), the Zoning Board of Appeals of the Town of Saugus, and Catherine A. Galenius, Robert J. Cox, Ben Sturniolo, Joseph Mcgowan and Peter Bogdan in their capacities as members of the Saugus Zoning Board of Appeals ("Zoning Board of Appeals"), hereby move that Count II of the Complaint, a claim under 42 U.S.C. §1983, in the above-entitled action be dismissed under F.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.

In support of this Motion, the Defendants rely on the following :

1. The Complaint is brought under the Telecommunications Act of 1996, 47 U.S.C. §332(c)(7) ("TCA"), from the March 11, 2004 written decision of the Zoning Board of Appeals denying Plaintiff, Omnipoint Holdings, Inc. ("Omnipoint") a special permit to install a telecommunications facility in the Town of Saugus, Massachusetts. Complaint, First unnumbered paragraph, ¶¶19, 29, Exhibit D.

2. Count II, ¶47, of the Complaint alleges that the denial violated "Omnipoint's rights as secured by 42 U.S.C.§1983."

3. Under the TCA, Omnipoint may not recover under 42 U.S.C. §1983.

The Town and the Board of Zoning Appeals also rely on their Memorandum of Law filed herewith.

WHEREFORE, the Town and the Zoning Board of Appeals move that Count II be dismissed.

> TOWN OF SAUGUS, ET AL.,
>
> By their attorneys,
>
> _/s/ Joel B. Bard_
> Joel B. Bard (BBO# 029140)
> Patricia A. Cantor (BBO# 072380)
> Kopelman and Paige, P.C.
> 31 St. James Avenue
> Boston, MA 02116
> (617) 556-0007

223832/60700/0559

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on 6/28/04

2