UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| OMNIPOINT HOLDINGS, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-10737 NG |
| | ) | |
| THE TOWN OF SAUGUS, THE ZONING | ) | |
| BOARD OF APPEALS OF THE TOWN OF | ) | |
| SAUGUS, CATHERINE A. GALENIUS, | ) | |
| ROBERT J. COX, BEN STURNIOLO, | ) | |
| JOSEPH MCGOWAN and PETER BOGDAN | ) | |
| in their capacities as members of the | ) | |
| Saugus Zoning Board of Appeals, | ) | |
| | ) | |
| Defendants. | ) | |

**CONSOLIDATED CASES**

| | | |
|---|---|---|
| OMNIPOINT HOLDINGS, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 04-11537NG |
| | ) | |
| THE TOWN OF SAUGUS, THE ZONING | ) | |
| BOARD OF APPEALS OF THE TOWN OF | ) | |
| SAUGUS, CATHERINE A. GALENIUS, | ) | |
| ROBERT J. COX, BEN STURNIOLO, | ) | |
| PETER ROSSETTI, JR. and PETER BOGDAN | ) | |
| in their capacities as members of the | ) | |
| Saugus Zoning Board of Appeals, | ) | |
| | ) | |
| Defendants. | ) | |

## AGREEMENT FOR JUDGMENT IN CONSOLIDATED CASES

This Agreement for Judgment ("Agreement") is made this 29th day of April, 2005, by and

among Omnipoint Holdings, Inc. ("Omnipoint"), the Town of Saugus (the "Town"), the Zoning Board

of Appeals for the Town of Saugus (the "Board"), and Catherine A. Galenius, Robert J. Cox, Ben

Sturniolo, Peter Rossetti, Jr.,  Peter Bogdan and Joseph McGowan as members of the Board

(collectively, the "Defendants").  All of the above parties shall be collectively referred to herein as the

"Parties."

WHEREAS, Omnipoint commenced a civil action entitled <u>Omnipoint Holdings, Inc. v.</u>

<u>The Town of Saugus, et al.</u>, Civil Action No. 04-10737NG in the United States District Court for

the District of Massachusetts  (the "Initial Law Suit ") in which Omnipoint asserted claims against the

Defendants arising out of the Defendants' denial of Omnipoint's application for a special permit to

alter a preexisting, non-conforming use and structure to add three wireless panel antennas to the

face of a utility tower, identified as NEPCO Pole #19 and to construct a small fenced-in area at

the base of NEPCO Pole #19 to accommodate three equipment cabinets below the tower ("the

NEPCO Pole Site");

WHEREAS, Omnipoint commenced a subsequent civil action against the Defendants,

docketed as <u>Omnipoint Holdings v. The Town of Saugus, et al.</u>, Civil Action No. 04-11537NG,

("the Second Law Suit") in which Omnipoint asserted claims against the Defendants arising out

of the Defendants' denial of Omnipoint's application for a use variance to install three wireless

panel antennas within a proposed cupola, to be constructed on top of the church building at 83

Chestnut Street, Saugus ("the Chestnut Street Site");

WHEREAS, the Court consolidated the Initial Law Suit and the Second Law Suit,

(referred to, hereafter, collectively, as "the Litigation");

WHEREAS, Omnipoint's claims in the Litigation arise under the federal

Telecommunications Act of 1996, 47 U.S.C. §332(c)(7) ("the TCA") and under the TCA the

Court may order relief that would not otherwise be available under state and local zoning laws in

order to avoid a violation of federal law;

WHEREAS, the Parties wish to avoid further expense in connection with the Litigation and

desire to settle and compromise all allegations made in the matters at issue in the Litigation;

WHEREAS, the Parties have agreed to settle the Litigation upon the terms contained herein and in the Judgment attached hereto;

WHEREAS, the Parties agree that the Litigation should be settled forthwith, that there is no just cause for delay, and that a remand of this matter to the Board would serve no useful purpose.

NOW THEREFORE, the Parties, through their counsel, stipulate and agree as follows:

1.      Final Judgment, in the form attached hereto, shall enter as follows:

      a)      In the Initial Lawsuit, said Judgment shall vacate the Board's March 10, 2004 decision to deny Omnipoint's request to install panel antennas on NEPCO Pole #19 and to construct a fenced in area at the base of said Pole, in order to place three equipment cabinets within said fenced in area (the Wireless Communications Facility, "NEPCO Pole WCF"), as described on plans and specifications submitted to the Board at its proceedings (except as may be modified herein or by further agreement of the Parties); and (ii) granting Omnipoint's application with respect to said WCF at the NEPCO Pole Site, subject to the conditions enumerated on Exhibit A.

      b)      In the Second Lawsuit, said Judgment shall vacate the Board's May 27, 2004 decision, as filed with the Saugus Town Clerk on June 10, 2004, to deny Omnipoint's request for a use variance to install three panel antennas within a proposed cupola to be constructed on top of the church building at 83 Chestnut St., Saugus ("the Church Cupola

WCF"), as described on plans and specifications submitted to the
Board at its proceedings (except as may be modified herein or by
further agreement of the Parties); and (ii) granting Omnipoint's
application for said WCF at the Chestnut Street Site, subject to the
conditions enumerated on Exhibit B.

2.     The Parties further stipulate and agree that there is no just cause for delay in the

issuance of said special permit and use variance pursuant to this Agreement for Judgment, that further

hearings would serve no useful purpose, and that the zoning relief necessary to permit the installation and

operation of Omnipoint's NEPCO Pole WCF and the Church Cupola WCF is hereby granted under

the TCA. Consistent with this Agreement for Judgment, the Town agrees and stipulates that while

Omnipoint's application with respect to the NEPCO Pole Site does not satisfy the criteria for the issuance

of a special permit under state law or the Town's Zoning By-laws, which are attached hereto as Exhibit 1,

and that Omnipoint's application with respect to the Chestnut Street Site also does not satisfy the

criteria for the issuance of a use variance under state law or the Town's Zoning By-laws, under the

TCA the Town may issue zoning relief that would not be permitted under state or local law. The entry

of this Agreement for Judgment shall operate as a grant of said zoning relief without the necessity of

further action on the part of the Board or Omnipoint.

3.     This Agreement for Judgment fully and completely resolves all of Omnipoint's pending

claims against the Defendants with respect to Omnipoint's proposed WCF at the NEPCO Pole Site and

the Chestnut Street Site, but it shall have no effect on either party with respect to any other or future

applications for zoning relief in other locations in Saugus or on any litigation which may arise out of

any such future applications.

4.     The Parties acknowledge and agree that they have entered into this Agreement on the

advice of counsel, voluntarily, and not as a result of any promise or representation except as set forth

expressly herein, and not as a result of any duress or coercion by any person or entity.

5.    This Agreement has been deemed to be made and entered into in the Commonwealth of Massachusetts, and shall in all respects be interpreted, enforced and governed under Massachusetts law, except as may be required by the TCA.

6.    This Agreement and the Judgment filed herewith constitute the entire agreement among the Parties, and it is expressly agreed that this Agreement may not be altered, amended, modified or otherwise changed in any respect, except by a writing duly executed by all of the Parties.

7.    This Agreement shall inure to the benefit of, and be binding upon, the Parties to this Agreement and each of their officers, directors, shareholders, trustees, beneficiaries, insurers, agents, employees, attorneys, predecessors, successors and assigns.

8.    This Agreement may be executed in counterparts, each of which shall be treated as an original.


OMNIPOINT HOLDINGS, INC.

By its attorney,


_____
William A. Worth
BBO #544086
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109
617-456-8000



Date: _April 29, 2005_


TOWN OF SAUGUS, ET AL.,

By their attorneys,


_Patricia Cantor (WAW)_
Joel B. Bard
BBO #029140
Patricia A. Cantor
BBO # 072380
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
617-556-0007